UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4219

JOHN FERGUSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Irene M. Keeley, Chief District Judge.
(CR-93-66)

Submitted: July 26, 2002

Decided: August 8, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

David H. Wilmoth, DAVID H. WILMOTH, L.C., Elkins, West Virginia, for Appellant. Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Ferguson appeals the district court's order revoking his term of supervised release and sentencing him to eleven months of imprisonment. Ferguson's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although Ferguson was informed of his right to file a supplemental brief, he has not done so. His attorney raises two issues.

First, Ferguson challenges the district court's authority to impose a sentence upon revocation of his supervised release. We review for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). We find this argument to be without merit. *See Johnson v. United States*, 529 U.S. 694, 713 (2000).

Ferguson next contends the district court was required to give him credit for time previously served on post-release supervision when it sentenced him. At the time of Ferguson's conviction, 18 U.S.C. § 3583(e)(3) (1988 & Supp. V.) authorized the court to revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervision upon finding a violation. Thus, the district court had the authority under § 3583 to sentence Ferguson to a period of incarceration without regard to the amount of time Ferguson previously served on post-release supervision.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the district court's revocation of Ferguson's supervised release and the ensuing sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*